IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 0 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00889-BNB

SOLOMON B. COHEN,

      Plaintiff,

v.

MS. KAI, Programs Manager, Douglas County Jail,
DOUGLAS COUNTY BOARD OF COMMISSIONERS, and
DR. GARY KANE,

      Defendants.

---

ORDER OF DISMISSAL

---

      Plaintiff, Solomon B. Cohen, is an inmate at the Federal Detention Center in

Englewood, Colorado. Mr. Cohen initiated this action by filing *pro se* a Prisoner

Complaint alleging that his constitutional rights have been violated. Mr. Cohen initiated

three other actions at about the same time. *See Cohen v. Anderson*, No. 10-cv-

01059-BNB (D. Colo. filed May 7, 2010); *Cohen v. Lovingier*, No. 10-cv-01312-BNB

(D. Colo. filed June 8, 2010); *Cohen v. Kraus*, No. 10-cv-01362-BNB (D. Colo. filed

June 11, 2010). In an order filed on June 15, 2010, Magistrate Judge Boyd N. Boland

granted Mr. Cohen leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915

in this action. Pursuant to § 1915(b)(1), Magistrate Judge Boland ordered Mr. Cohen

either to pay an initial partial filing fee of $46.00 or to show cause why he has no assets

and no means by which to pay the initial partial filing fee. In order to show cause, Mr.

Cohen was directed to file a current certified copy of his inmate trust fund account

statement. Mr. Cohen was warned that the complaint and the action would be dismissed without further notice if he failed either to pay the initial partial filing fee or to show cause within thirty days.

On July 7, 2010, Mr. Cohen submitted a letter to the Court seeking either leave to withdraw this action without prejudice and without incurring any fees or an extension of time to comply with the June 15 order. The same day, Magistrate Judge Craig B. Shaffer entered an order denying the request to withdraw this action and granting Mr. Cohen an extension of time until August 16, 2010 either to pay the initial partial filing fee or to show cause why he is unable to pay the initial partial filing fee.

Mr. Cohen also has been granted leave to proceed *in forma pauperis* pursuant to § 1915 in each of the other three cases listed above and he also has been ordered to pay an initial partial filing fee of $46.00 in each of those cases. On August 9, 2010, Mr. Cohen filed in each of these four cases a document titled "Answer" in which he asks to be allowed to proceed without paying the initial partial filing fee. Mr. Cohen alleges that he has $2.79 in his inmate account and that he cannot afford to pay the initial partial filing fee in any of his cases. Attached to the "Answer" is a certified copy of Mr. Cohen's inmate trust fund account statement that confirms the balance in his inmate account as of August 4, 2010 is $2.79. The inmate account statement also reveals that on June 15, 2010, when Mr. Cohen was ordered to pay an initial partial filing fee in this action, the balance in his inmate account was $165.77, and that as recently as July 30, 2010 the balance in his inmate account was $55.16.

The Court finds that Mr. Cohen has failed to show cause why he is unable to pay the initial partial filing fee. Although Plaintiff currently lacks sufficient funds to pay the

2

initial partial filing fee, he fails to explain why he did not pay the initial partial filing when

he had sufficient funds. As discussed above, Mr. Cohen had sufficient funds in his

inmate account to pay the initial partial filing fee when he first was ordered to pay an

initial partial filing fee and he had sufficient funds to pay the initial partial filing fee as

recently as July 30, 2010. Mr. Cohen's decision to use the funds in his inmate account

for other purposes does not demonstrate that he lacked sufficient funds to pay the initial

partial filing fee. The fact that Mr. Cohen has chosen to initiate four separate civil

actions and that he did not have sufficient funds to pay the total amount of the initial

partial filing fees in all of his cases does not alter the Court's conclusion. *See*

*Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs*, Nos. 09-8040 & 09-8054,

2010 WL 1627833 (10th Cir. Apr. 15, 2010) (denying motion to order sequential

payment of multiple filing fees because § 1915(b)(2) authorizes cumulative deductions

of monthly filing fee payments for each civil action or appeal). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed

within the time allowed to pay the initial partial filing fee despite having sufficient funds

to do so.

DATED at Denver, Colorado, this __19th__ day of __August__, 2010.

BY THE COURT:

__s/Philip A. Brimmer__
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00889-BNB

Solomon B. Cohen
Reg No. 36792-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 8 20 10

GREGORY C. LANGHAM, CLERK

BY: _____
                    Deputy Clerk